Good morning. May it please the Court, Counsel. I'm Lisa Hay of the Federal Defender's Office, and I represent the defendant, Randy Shill, who received a mandatory 10-year sentence in this case. I hope to reserve a few minutes of my time for rebuttal, if I may. I'd like to start with the proposition that there's something terribly wrong. There's something terribly wrong when a man receives a federal mandatory 10-year sentence for sending sexual invitations to a 16-year-old when it wouldn't even be a federal crime if he had sex with a 16-year-old in a federal jurisdiction because the federal agency consents to it. That's just your opinion. I mean, the law is the law, and the question is whether or not the district judge violated the law by imposing the sentence that he did. Your Honor, I'm arguing that the statute itself is both unconstitutional and that the statute doesn't permit prosecution the way that the government did. So it's a de novo question, not a question of whether the district court judge erred in her application of the law. My argument is an argument about the statute itself and whether it's— Well, what about the statute is unconstitutional? It says that any crime triggering, emanating from a sex offense, any crime, it doesn't say a misdemeanor, a felony, or a civil infraction. It says any crime emanating from sexual activity triggers the federal statute that your client was prosecuted for. Yes, and, Your Honor, the government relies on the word any in the statute, which appears numerous times, but it doesn't say any criminal offense. The language that we're construing says any sexual activity for which any person can be charged for the criminal offense. If Congress meant any criminal offense, misdemeanor or felony, Congress could have said any criminal offense. It didn't broaden the language that way. But don't we first have to find that term ambiguous in order to grant you the relief you're requesting on your facial attack? Your Honor, I'm challenging the entire phrase, any sexual activity for which any person can be charged. But don't we have to find that to be ambiguous? Because it seems to me to be pretty clear that it means what it says, and it doesn't matter whether the conduct is a misdemeanor or felony. If it is sexual activity for which you may be criminally charged in state or federal court, that's what the language said. Well, I have an argument about what we should do if the language is plain. But there are courts that have found this. Well, that creates an amendment argument, right? Well, no, there's an additional argument, Your Honor. But first, on the question of whether it's plain, this court itself has found that phrase requires narrowing. In United States v. DINGRA, this court— Wouldn't there be a federal violation? Yes, Your Honor, but I don't believe that has the same 10-year mandatory sentence. There's a difference. But it would be a criminal offense, would it not? If you travel across state lines in order to commit a sexual act against a child. And here, Congress has criminalized the use of instrumentalities of interstate commerce, the Internet, in order to entice a 16-year-old to engage in sexual activity. So why shouldn't we construe the congressional intent to be similar, to protect children from sexual predators? Because, Your Honor, in those other statutes, what Congress is punishing is the attempt to commit the sexual act. In this case, this court has construed this federal statute to not require an attempt to commit the sexual act. This court says you only need to approve the intent to achieve the mental state of assent, that is, an attempt to induce. And that's this court's decision in Getzky. But there is very clearly an intent to commit a sexual act with a minor here, right? No, Your Honor, I don't think we can say that. Showing up with condoms and flowers and alcohol on the basis of the text messages wouldn't appear to show intent that he wanted to have sex with a 16-year-old girl? Well, there's intent, but the question is attempt, right? Is there an attempt to commit a sexual act? And I think what we can say is that he could have been charged in Oregon with attempt, but we don't know if he would have been convicted. I guess the concern I have is are you challenging the sufficiency of the evidence? And if that's the case, what additional evidence would the government have to show in order to complete the crime of attempt based on this record? We're not challenging the sufficiency of the evidence because the law is clear that the government doesn't have to prove attempt to commit a sexual crime. That's what this circuit has held. They don't have to prove attempt to commit the sexual act. What if we conclude, based on our review of the record, that by showing up at the MAC station in order to pick up the 16-year-old carrying condoms, alcohol, and flowers, that that is sufficient to constitute the crime of attempt? Well, Your Honor, what I would say is we didn't have the opportunity to put on the contrary evidence because that wasn't an element that we were required to do. What contrary evidence would you have to introduce? For example, that the agent told him to get a hotel room. He didn't have a hotel room registered. Although he expressed an interest in sexual activity, he also expressed doubts about the sexual activity. So there were a number of parts that we could have put in that would have shown that the attempt, that this was preparation but not the substantial step that would be required for attempt. But that's not the issue. The answer to my question is that he would have had to either rent a hotel room or actually, what, engage in sex in order to complete the crime? No, I'm certain that's not the law, Your Honor. An enticement could be sufficient for the attempt, but the point is we didn't have that finding. I guess what I'm coming with your argument is this seems to me to be a classic case of enticement. I mean, this is the poster child for which Congress wrote the statute, and they've amended it three times, and every time they amend it, they increase the punishment for it. So why can't we conclude from that that Congress really does mean to prescribe this activity and to hit it with a heavy hammer when it's proven? Your Honor, the reason we can't conclude that is because in this case, the government is using a misdemeanor as the underlying offense that triggers this drastic federal penalty. The statute says any criminal activity that is punishable as sexual activity under state or federal law. It doesn't say any criminal offense, Your Honor. It doesn't say any criminal offense. It says any sexual activity which any person could be charged with a criminal offense or attempts to do so. Right. So it's not any criminal offense. And my point is even when the Supreme Court uses the word... What do you think we ought to – I mean, it seems to me, I don't know, but based on your opening remarks, it seems to me that the individual could have committed almost anything up to an actual sexual act, and you would have a problem with the length and the quote-unquote harshness of the sentence. I mean, what line should be drawn here? It doesn't seem that Congress has differentiated between felonies and misdemeanors, sexual activity and non-sexual. It's any sexual activity for which any person can be charged with a criminal offense. Well, I guess I take Congress at its word when it said it included this phrase, any sexual activity for which any person could be charged with a criminal offense, for the express purpose of taking into consideration local sexual community norms. That's what Congress said in 1986 when it included that phrase. And my problem with the prosecution here is that the local sexual norm says that what Mr. Schill did is not a crime. Oregon looked at the crime of online enticement of children, writing sexual messages to somebody and showing up to meet them, and decided that that is not a crime if the person is under 16 years of age. So the very statute that's supposed to take into consideration local sexual norms is using conduct in a state that's not criminal. Do you not concede that had the act been completed, he could have been prosecuted under Oregon law for contributing to the delinquency of a minor or sexual abuse in whatever the degree would be? Yes, if it had been accomplished, he could have been prosecuted for those misdemeanor offenses. And had he completed the act and crossed state lines, he could have been prosecuted under a felony provision of federal law, which doesn't depend on whether a local law is violated, does it? No, but the federal statute about aggravated sexual abuse, for example, only applies to children under the age of 16. And the federal statute for having sexual contact with 16 is only about sexual contact with somebody over 16. So I don't think that there was another federal prosecution that could have been brought here. Isn't that the Mann Act, crossing interstate lines for immoral purposes? Isn't that the statute I'm referring to? I think, Your Honor, that would have to have some kind of – I'm sorry, I'll have to look up for my rebuttal, Your Honor, what the language is there. Last time we looked at a Mann Act, if you transport a female across state lines for purposes of the misdemeanor crime of prostitution, that's a federal felony. But there's no argument about prostitution here. There's not a prostitution. If you were to insert your 1986 language, local sexual norm, into the statute, it would read, any sexual activity for which any person could be charged, comma, under local sexual norms, comma, with a criminal offense, it would still be a criminal offense. It doesn't make any difference, does it, if you insert your phrase? Well, I guess the difference is that the conduct that he actually committed is not a crime. It's just if he had achieved what he was hoping to do, that would have been a crime. And so that's where we have a problem, that what he actually did is not online sexual inducement of a minor in Oregon. If he had actually achieved it – An attempt to have sex with a 16-year-old in Oregon is not a misdemeanor? Yes, but, Your Honor, we don't concede that the government has shown or that there's an element of attempt. Wait a minute. Could you answer his question? The question was, is what he did not a misdemeanor? What he did – I don't concede what he did is a misdemeanor, Your Honor. So he didn't – your position – I don't understand now. You said he didn't commit any crime. There's not a finding that he committed any crime, because what he admitted to was that he tried to induce a minor to engage in sexual contact. That's not the same as attempted sexual contact. And I recognize there's a line between those two, but an attempt requires certain steps, a substantial step, showing that you have that purpose. We never had that finding in this case. The liquor and the flowers are enough. And showing up at the MAC station where he told her they were going to meet so they could – Your Honor, I think if a jury had looked at that, a jury could convict him, certainly. And we concede he could be charged. But the question is whether he actually did that. That's a jury question. I thought your argument was that he committed a misdemeanor, and you want the Ninth Circuit to say that the federal crime only penalizes state felonies. You're saying now that he committed no crime at all? Is that right? Well, I don't believe that he did commit a crime, but the federal statute says if a person can be charged with a crime, and my argument is if he can only be charged with a misdemeanor, which we agree, he could be charged with a misdemeanor. That is too small of an event to trigger such a drastic penalty. And let me address the Eighth Amendment argument briefly. First, on the due process argument, I argue Mr. Schill did not have adequate notice. The government says he knew he could get in trouble, but the context is clear that he says to the young woman in the text messaging, what we're doing now, we can't be in trouble. We could only get in trouble if something was to happen. If that's the case, why did he say the first time he contacted her, don't tell your father about this? Well, there's a difference between believing something is criminal and believing something is something one's parents wouldn't like. So he certainly doesn't think her parents would approve, but he actually says we couldn't get in trouble unless we actually did something sexual. Then he starts sending her very explicit photos of himself. And the government certainly could have charged that as a sending sexually obscene material to her, but they didn't choose that. They chose instead to charge him with something with a 10-year mandatory. On the Eighth Amendment argument, the Supreme Court has found in Graham that a categorical approach can apply to a term of years sentence, and that's what I'm arguing for here, that categorically the imposition of a mandatory 10-year sentence for the class of offenders who are charged, if this Court allows that. Wasn't the categorical crime in Graham life imprisonment for juveniles for non-capital offenses? That's right. And the mandatory minimum here is 10 years. And what concerned the Court in Miller and in Graham was exactly that the scheme prevented those who were meeting out the punishment from considering lessened culpability, that if there's a range of offenses, the problem is when the courts can't consider the differences. And so my argument, I recognize 10 years is not the same as a life sentence, but if it's a mandatory 10 years. A minimum, right? So the Court could sentence to more than 10 years. The Court could. So he basically got the low end of the congressional punishment scheme. And the district court here found that the sentence was harsh, that she would have given a sentence 40 percent lower. She would have given a sentence of. But that's an argument that we shouldn't have statutory mandatory minimums. And the Supreme Court has told us that statutory mandatory minimums are constitutional. But in the specific context of a mandatory minimum where the class of offenders is charged based on misdemeanor predicates and the wide range of misdemeanors that could be used here, that raises serious Eighth Amendment questions about the validity of the punishment. What do you say to the parents who supported the legislation that was passed by Congress because they don't want their children approached by sexual predators in Oregon or anywhere else? Your Honor, I think the parents in Oregon, for example, recognize that there's a range of conduct and a range of ages in Oregon. Sending messages to someone who's 16 years and older is not a crime. Congress didn't set an age minimum or maximum in its statute. And, in fact, the congressional statute is not even called an online enticement statute. It's part of a statute that's referring to sex trafficking. And Congress intended to punish those serious sex offenses. I don't believe they were intending to punish what Oregon considers a misdemeanor conduct with a 10-year minimum. Your time has expired.  Thank you, Your Honor. Let's hear from the government. May it please the Court, Kelly Zusman, appearing on behalf of the United States. I'd like to begin to clear up, hopefully, some confusion about whether or not Mr. Schill is guilty of the offense with which he is charged. I wouldn't spend a lot of time on that. I only want to point out ER page 57, where the district court lays out what Mr. Schill pled guilty to. He is guilty of 2422B offense that was charged in this case. Really, two issues with this case. The first is whether or not the district court properly denied Mr. Schill's motion to dismiss his case outright. And that, as you've already recognized, relies upon the plain language of the statute. The statute doesn't say felonies. And, as we know, Congress knows how to specify felonies when it wants to do so. It's done so in a variety of other contexts, including the Armed Career Criminal Act. We could list them. I think, particularly if you look at this Court's decision in Olander, it's simply not appropriate to be inserting the word felony when there's nothing in the plain text of the statute that suggests that that's an appropriate term to use. If we get past the motion to dismiss, this is really, I think, boils down to a claim that Mr. Schill believes that 10 years is simply too much time for the offense that he committed here. And that's where we really get into a question of separation of powers. Congress has decided that it is dangerous, it is absolutely unacceptable to have adults attempting to entice children into engaging in sexual activities. That it is the enticement. Suppose that the Oregon statute, instead of making it a misdemeanor, said it was a citable offense for which a ticket could be written and fined a small amount. Still be a criminal offense, still 10 years? There, I think, criminal offense, we're looking at misdemeanors and felonies. So a mere citation probably would not qualify. Well, citation carries with it a fine. A fine, but no potential for a sentence. So unless there is imprisonment as a possibility, it's not a criminal offense? I would say it includes misdemeanors and felonies. Why wouldn't it include a petty offense, though? For which, I mean, it says... A criminal offense. A, yeah. Again, depending upon the statutory scheme, I think it does. It is very, very broad. Congress wanted this to be extremely broad. So, yes, it would include petty offenses. And then the question ultimately is, is that a violation of the Eighth Amendment? Is it so cruel and unusual to impose a 10-year sentence on someone who attempts to entice a minor to engage in sexual activity, which could be charged as a criminal offense? And there, I think what's kind of interesting is that we've had... I don't think that goes to the hypothetical, though, does it? The hypothetical is, let's say there's a petty offense, such as possession of pornography, all right? Maybe we're not in Oregon, but some highly restrictive state. Possession of, like, Michigan. Yeah, right. Possession of pornography is a petty offense, and that then triggers 2252 prosecution. The question is whether or not that would be cruel and unusual. And in addition, would it be cruel and unusual on a categorical basis? Because that's what the defendant is urging here. Well, I agree with that, but I think, I don't know. I would look at it as an as-applied challenge to the individual defendant. And I think that's the appropriate place to put that, is that if there is an Eighth Amendment challenge to be had, it's on an as-applied basis. If there was conduct that was so innocuous, and I think the Supreme Court has used the example of someone who received life imprisonment for a parking ticket, then you can analyze that on an as-applied basis and find it. Well, I guess one of the problems I have with Ms. Hayes' argument on the Eighth Amendment challenge is, inherent in the Supreme Court's categorical rejection of life without parole for juvenile offenders in Graham and also, what's the other one, Roper? Miller. Miller, is this notion that emerging concepts of, I forget the phrase. Decency. Decency dictate that we don't send juveniles to prison without any hope of release. And here we have three congressional amendments that toughen the punishment. So where is the evidence? I should have asked Ms. Hayes this question, but where is the evidence in the record that emerging standards of decency suggests that it's wrong to punish someone for engaging in this kind of behavior when the legislative intent is to toughen the penalty? And the answer is there is none. All we have seen from Congress and from many of the state legislatures is a desire to punish child sex crimes more severely. The Adam Walsh Act, I think, is another good example of where Congress says, look, we're concerned, and particularly with our children's connection with the Internet. That is where they are particularly vulnerable. And 10 years is a perfectly legitimate way of deterring people just like Mr. Schill from doing precisely what Mr. Schill did, which is using a smartphone. All of our children have them. Using a smartphone to surreptitiously get into the home of JS and send her these sexually suggestive messages, suggesting a meeting, and thereby bypassing her parents. That's what Congress wanted to prevent. That's what Mr. Schill did. And 10 years, and I completely agree with Judge Brown, 10 years is a harsh sentence. That's tough, but it's an appropriate one. Congress has said it's appropriate. Judge Brown said it was appropriate. JS and her family certainly thought it was appropriate. Well, the other thing that I neglected to ask Ms. Hay about was even Oregon law recognizes that where there is a great age distinction between the victim and the defendant, that that enhances the punishment for the conduct. For example, if a 21-year-old engages in sex with a 16-year-old, that's punished more harshly than if it's an 18-year-old who engages in sex with a 16-year-old. That's correct. In fact, there's an age difference here was what? Almost 30 years. 30 years. So under any state's definition, actually I found one state where it was a 10-year age difference that was required. So under any state's age differential requirement, this case would qualify. So there's absolutely no question that this is what Congress was targeting. And in terms of the Eighth Amendment, categorically, the Supreme Court has only used the categorical test to rule a sentence unconstitutional. In those situations in which the court said, okay, for juveniles, and a lot of the language from Graham and Miller is really very juvenile specific. Justice Kennedy cites some of the brain studies about juvenile development and how there's a need for some maturation. And, in fact, even there, it was the without parole part of the sentence that the Supreme Court found objectionable, not the life term. So these categorical rules, as the Second Circuit recently recognized, were really designed as a constitutional check, but they're limited. The principle is one of narrow proportionality. It's a narrow review. And if you kind of look at the body of law that we've gotten from the Supreme Court, it's been a strain to even get to juveniles. Most of these decisions have been 5-4. They've been heavily fought. But juveniles are unique, and they're unique on a categorical basis to the extent that the Supreme Court has said, in no case is it ever appropriate to put a child to death. Whether it's a homicide offense or a non-homicide offense, it is never, ever appropriate. That's what the categorical rule is designed to do. Here, I don't think this court can say that in no circumstance would it ever be appropriate to impose a 10-year sentence on someone like Mr. Schill. It just isn't. And Judge Tolman, you pointed out that the sentence here, it's not a mandatory 10-year sentence. That's the mandatory minimum. And, in fact, we have examples from other cases like Getsky. Getsky was also convicted of 2422B. He received a sentence of 235 months. His intended victim in that case was a 10-year-old developmentally disabled boy. That was more egregious. So 2422B gives the district court the discretion to graduate the punishment among the potential where the element is a misdemeanor or the element is a felony between 10 years and life. That's the range that applies. Unless there are any further questions, the government would submit. Ms. Hay, I'll give you a couple of minutes on rebuttal if you'd like. Thank you, Your Honor. I wanted to answer the question about the community norms. Yes. There have been successive efforts to increase punishments under 2422, but the court always refers to serious sex crimes, sex trafficking against children. As I pointed out before, this case doesn't involve, doesn't require proof of an attempt to commit a sex act, and that's why I think this is different from what Congress was discussing. There is a history of community norms about this, which I pointed out in my Eighth Amendment section. The majority of states' punishment for online sexual solicitation of minors is limited to when a minor is under the age of 16. In 30 of 50 states, that line is drawn. And so Mr. Schill's conduct in 30 of 50 states, that action would not be a crime. That's significant. In addition, as I set out in pleadings before the district court, which are at CR 48, we gave a 50-state survey there that 72 percent of states treat consensual sexual contact between adults and people 16 and older as non-criminal or misdemeanor. That's also relevant because 72 percent of states don't think that consensual contact between 16-year-olds and adults is a crime. So there is a sense that what happened here is wrong. Mr. Schill is going to prison for 10 years for trying to do something which, at the most, he could have received misdemeanor punishment for. And that's the part that we're trying to figure out, how can you stop that from happening? Now, it's using misdemeanors as the predicate. As Judge Murphy said, it's the fact that the court used the government used misdemeanors. The U.S. Attorney's Office in the District of Oregon is the only U.S. Attorney's Office in the country that has interpreted this Federal statute so broadly as to require, as to allow the use of misdemeanors to make this harsh punishment happen. You would have us reverse the sentence and send instructions to enter a one-year term? No, Your Honor. I'd ask that the court reverse the sentence issue in order that the district court should have granted the motion to dismiss because the indictment alleged only misdemeanor conduct. And then if the government believes it can charge something else, let them do that. And then finally, on the question of did he commit a crime, of course he was pled guilty to the 2422, but it was a conditional plea based on our belief that the indictment was incorrect, that you can't rely on misdemeanor conduct to reach that. I don't believe he committed a crime in Oregon. Thank you. Thank you very much. The case just argued is submitted, and we'll get you an answer as soon as we can. The next case on the calendar is Marcus S. and Suzanne L. Gerlach.
judges: Murphy, Tallman, Bea